UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-114-1BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JEROME WRIGHT | ) | |

This matter is before the Court on defendant Jerome Wright's Motion to Dismiss Count Two of the Indictment [DE 41]. For the foregoing reasons, Defendant's motion is DENIED.

## BACKGROUND

The defendant, Jerome Demond Wright, was charged in a two count indictment [DE 1] on April 22, 2009. Count One of the Indictment alleges that defendant did knowingly and intentionally possess a controlled substance, in violation of Title 21, United States Code, Section 844(a). Count Two of the Indictment alleges that defendant did knowingly possess a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

The defendant's criminal history indicates that on June 14, 2005, the defendant was convicted in Wayne County, North Carolina District Court, of Possession with Intent to Sell or Deliver Marijuana; on May 24, 2007, the defendant was convicted in Wayne County, North Carolina District Court of Carrying a Concealed Gun; and on September 10, 2007, the defendant was convicted in Wayne County, North Carolina District Court, of Felony Possession of Cocaine. All offenses were classified as Class I felonies under North Carolina law.

On October 20, 2009, the defendant pled guilty to Count Two of Indictment pursuant to a plea agreement with the United States. On March 16, 2010, the Government filed a Motion for

Upward Departure, and on March 18, 2010, the defendant was sentenced to 120 months imprisonment, three years of supervised release, and $100.00 special assessment. On March 24, 2010, the defendant filed a Notice of Appeal. On June 30, 2010, the U. S. Court of Appeals vacated the conviction and remanded the case to the District Court for further proceedings. The mandate of the U.S. Court of Appeals was filed on July 22, 2010.

On September 10, 2010, the defendant filed a Motion to Dismiss Count Two of the Indictment. The defendant argues in that motion that he is legally innocent of the crimes alleged in Count Two because his prior Class I felony convictions do not qualify as "crime[s] punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g).

## DISCUSSION

The defendant argues that he is legally innocent because, according to United States v. Rodriquez, 553 U.S. 377 (2008), the Sixth Circuit Court of Appeals' decision in United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), and the recent Supreme Court holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), his prior North Carolina Class I felony convictions do not qualify as predicate offenses under Title 18, United States Code, Section 922(g)(1). Defendant's argument is without merit.

This Court's decision is controlled by United States v. Harp, 406, F.3d 242 (4th Cir. 2005). Under Harp, to determine whether a prior state conviction constitutes a felony for the purposes of career offender enhancement, courts should "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246.

Applying Harp to this case, the defendant's prior Class I felony convictions qualify as predicate offenses for purposes of § 922(g) because the convictions were for offenses carrying a

statutory maximum sentence of more than one year, that is, 15 months. See N.C. Gen. Stat. § 15A-1340.17(c),(d).

Defendant's contention that Harp has been overruled by either the Supreme Court or the Fourth Circuit Court of Appeals is without merit. Indeed, the opposite appears to be true. The Fourth Circuit affirmed Harp's holding *after* the Supreme Court decided the cases that Defendant claims overruled Harp. See United States v. Perry, No. 09-5062, 2010 WL 2512339, at *1 (4th Cir. June 23, 2010) (unpublished) (rehearing granted); United States v. Champion, No. 09-5084, 2010 WL 2512325, at *1 (4th Cir. June 23, 2010) (unpublished) (rehearing granted).

Unless and until the Supreme Court or the Fourth Circuit hold otherwise, Harp binds this Court; Harp's central holding leads to only one conclusion in the instant case: the defendant has the requisite prior felony convictions for purposes of 18 U.S.C. § 922(g).

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss Count Two of the Indictment [DE 41]

SO ORDERED.

This the 14 day of October, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE